IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICHARD COOK, | ) |
| Plaintiff, | ) |
| vs. | ) No. 07-3316 |
| STANDARD INSURANCE COMPANY, an Oregon corporation, | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion to dismiss the complaint.

Plaintiff Richard Cook filed his complaint in the Circuit Court of Sangamon County, Illinois. Defendant Standard Insurance Company removed the action pursuant to 28 U.S.C. § 1331, on the basis that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), governs this case. In its notice of removal, the Defendant alleges that ERISA completely preempts all state law claims asserted by the

Plaintiff, based on 29 U.S.C. §§ 1132(a) and 1144.

According to the complaint, the Plaintiff was insured by Defendant Standard Insurance Company by and through a policy bearing group number 639028. The Group Policy, which was issued by Standard to Plaintiff's employer, Pactiv Corporation, provides for long-term disability coverage in certain circumstances. The Plaintiff started receiving short term disability coverage for pes planovalgus deformities in both feet and osteoarthritis. The coverage converted to long-term disability on March 26, 2005. On that date, however, the Defendant sent the Plaintiff a letter indicating that his diagnosis falls under the "Limited Exclusions" provision of the long-term disability policy, and therefore is only entitled to 24 months of benefits.

In the complaint, the Plaintiff alleges that the Defendant has demanded payment of any overpayments based upon the above-referenced limited provision of the Group Policy. He asserts, moreover, that although the "Limited Exclusions" provision enumerates certain illnesses or conditions, it does not mention pes planovalgus deformity or osteoarthritis.

2

Because neither condition is listed, the Plaintiff contends that the two-year period should not apply. Thus, the Plaintiff requests such a declaration and an award of the remaining benefits under the long-term policy.

"ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plans regulation would be exclusively a federal concern." Aetna Health, Inc. v. Davila, 542 U.S. 200, 208, 124 S. Ct. 2488, 2495 (2004) (internal citations and quotations omitted). In its motion to dismiss, the Defendant asserts that Plaintiff's state law claim for declaratory judgment is completely preempted by ERISA. The Plaintiff did not respond to the motion to dismiss and the time for filing a response has passed.

The Group Policy is an employee welfare benefit plan established by Pactiv Corporation for the benefit of its employees, including the Plaintiff, as part of its employee benefit program. The Defendant notes that the ERISA statute defines an "employee welfare benefit plan" broadly to encompass (i) any "plan, fund or program" (ii) which is "established or maintained" (iii) by an "employer" or an "employee organization" (iv) for

3

the purpose of providing, either directly or "through the purchase of insurance," benefits such as medical and disability (v) to participants and beneficiaries. See 29 U.S.C. § 1002(1).

The Court concludes that the Group Policy constitutes a "plan, fund or program" under ERISA. The second and third prongs of ERISA's definition of "employee benefit plan" are also met. The policy was issued by the Defendant to Pactiv Corporation. The Plaintiff's complaint acknowledges that Pactiv was his employer and the Group Policy specifically names Pactiv as the ERISA employer. As the Defendant notes, moreover, the language in the policy which states that the Policyowner (Pactiv) may "terminate the Group Policy in whole" and "terminate insurance for any class or group" demonstrates that Pactiv established the Group Policy as part of its employee welfare benefit plan. Thus, the Group Policy was "established or maintained" by an "employer" under ERISA.

There is no question that the fourth and fifth prongs of ERISA's definition of "employee welfare benefit plan" are satisfied because the Group Policy provides long term disability insurance benefits to eligible

"employees." The Defendant notes section 1002(1) specifically identifies an employer's "purchase of insurance" for purposes of providing "benefits in the event of . . . disability" as a type of employee benefit that is within the scope of ERISA. See 29 U.S.C. § 1002(1). "A 'participant' in an ERISA-qualifying plan means any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." Ruttenberg v. U.S. Life Ins. Co. of New York, 413 F.3d 652, 660 (7th Cir. 2005). Because the Group Policy provides disability insurance coverage to all active full-time employees of Pactiv who work at least 30 hours per week, there is no question that it provides a benefit to employees of Pactiv.

Based on the language in the Group Policy and the allegations of the complaint, the Court concludes that Plaintiff's claim for a declaration of his eligibility for disability benefits is governed by ERISA. The Court earlier noted the expansive reach of preemption under ERISA. See 29 U.S.C. § 1144. This declaratory judgment action wherein the Plaintiff requests a declaration of his entitlement to benefits under an employee welfare benefit

5

plan is superseded by ERISA.

<u>Ergo</u>, the Defendant's motion to dismiss the Plaintiff's complaint on the basis of ERISA preemption [d/e 5] is ALLOWED. The complaint is DISMISSED WITHOUT PREJUDICE.

ENTER: February 7, 2008

       FOR THE COURT:

                            s/Richard Mills
                            United States District Judge